**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re                                                                          Chapter 11

PRETTY GIRL OF FORDHAM ROAD CORP.           Case No. 17-11600 (SHL)
d/b/a PRETTY GIRL,

                                    Debtor.
------------------------------------------------------------x

### INTERIM ORDER (I) AUTHORIZING THE USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION, AND (III) SCHEDULING A FINAL HEARING ON THE DEBTOR'S CASH COLLATERAL MOTION

This matter having come before the Court upon the motion (the "**Motion**")[1] dated June 9, 2017 of Pretty Girl of Fordham Road Corp. d/b/a Pretty Girl, the above-captioned debtor and debtor in possession (the "**Debtor**"), seeking the entry of interim and final orders, pursuant to sections 361 and 363 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 4001, and 9013 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rules 4001-2 and 9013-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), and the Guidelines for Financing Motions as set forth in General Order No. 274 of the United States Bankruptcy Court for the Southern District of New York (the "**Financing Guidelines**"), authorizing the Debtor to use Cash Collateral in which JPMorgan Chase Bank, N.A. ("**Chase**") and the City of New York (the "**City**") have an interest and granting related relief;

NOW, upon all pleadings and proceedings had in this matter to date, and good cause appearing therefor, it is hereby found as follows:

---

[1] Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

A. On June 9, 2017 (the "**Petition Date**") the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

B. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought herein are sections 361 and 363 of the Bankruptcy Code and Rules 4001(b), 2002, and 9013 of the Bankruptcy Rules. Venue of this chapter 11 case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. No trustee, examiner, or statutory creditors' committee has been appointed in this chapter 11 case.

C. Due and appropriate notice of the Interim Hearing and the relief requested in the Motion has been given. Under the circumstances, such notice constitutes adequate and sufficient notice under sections 361 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 4001, and no other notice need be given.

D. The Debtor acknowledges that the Debtor and Chase entered into the Guaranty and the Commercial Security Agreement. The Debtor acknowledges that, as of the Petition Date, Pretty Girl owes Chase approximately $300,000, which indebtedness constitutes an undisputed, contingent claim against the Debtor. Chase contends, however, that Pretty Girl owes Chase approximately $375,000. Nothing in this Interim Order shall prejudice the rights of the Debtor or Chase with respect to a determination by the Court of the amount of Chase's claim.

E. The Debtor acknowledges that, as described in the Motion, to secure the Debtor's obligation under the Guaranty, it granted to Chase and Chase has and holds a duly

perfected first priority security interest in and lien upon substantially all of the Debtor's assets, including, but not limited to, the Debtor's inventory, chattel paper, accounts, equipment, and general intangibles, whether now owned or hereafter acquired, whether now existing or hereafter arising, and wherever located, including, without limitation, rents, monies, payments, and all other rights arising out of a sale, lease or other disposition of any of the property described above, all accessions, additions, replacements, and substitutions relating to any of the foregoing (including insurance proceeds) (collectively, the "**Prepetition Collateral**"), with priority over all other liens on such property except for any liens otherwise permitted by the Loan Agreement.

        F.        The Debtor further acknowledges that the City has a judgment lien upon the Prepetition Collateral that is subordinate to Chase's lien, which judgment lien arises out of an execution (the "**Execution**") issued against the Debtor with respect to a judgment entered in favor of the City and against the Debtor based on certain ECB violations. The Debtor acknowledges that, as of the Petition Date, it owes the City approximately $218,000.

        G.        The Debtor has requested authorization to use Cash Collateral to pay for expenses incurred by it in the ordinary course of business and in connection with this chapter 11 case, as further described in the Motion. The Debtor's ability to finance its business operations pending entry of a Final Order is essential to its ability to preserve the value of its assets. Without the ability to use Cash Collateral pending the Final Hearing (as defined below), the Debtor and its estate will suffer immediate and irreparable harm.

        H.        The Court concludes that entry of this Interim Order is in the best interests of the Debtor's estate and creditors as its implementation will, among other things, provide the Debtor with the necessary liquidity to sustain the operation of its business pending the Final Hearing. If the Debtor is not able to use Cash Collateral as provided herein, it will be unable to

fund operating expenses and expenses in connection with this chapter 11 case that are necessary to maintain the value of the Debtor's estate and to enable the Debtor to maximize recoveries for all parties in interest.

Based upon the foregoing findings and conclusions, and good and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is hereby granted on an interim basis subject to the terms and conditions set forth in this Interim Order. The Debtor is authorized to use Cash Collateral and grant adequate protection to Chase and the City *nunc pro tunc* to the Petition Date upon the terms and conditions set forth in this Interim Order. This Interim Order is immediately valid and fully effective upon its entry.

2. Unless there is a default under the terms of this Interim Order, the Debtor is authorized to continue to use Cash Collateral through the date that is 14 days after the date of entry of this Interim Order or until such later time as to which Chase and the City may consent in writing or the Court may permit, subject to the terms and conditions set forth in this Interim Order.

3. The Debtor may use Cash Collateral to pay the expenses incurred by the Debtor in the ordinary course of its business and in connection with the chapter 11 case, as provided in the Interim Budget attached hereto as Exhibit "A," subject, however to a per line item variance of 5%.

4. As adequate protection for the Debtor's use of Cash Collateral:

    i) Chase is hereby granted a valid, perfected, and enforceable post-petition lien on and security interest in all of the assets of the Debtor, as debtor in possession, of the same type and nature as constituted the Prepetition Collateral (but excluding avoidance actions arising under chapter 5 of the Bankruptcy Code) (the "**Post-Petition Collateral**"). The

Senior Replacement Lien shall be subject to all other validly and properly perfected prepetition liens and security interests in favor of third parties that were senior to and had priority over Chase's security interest and lien as of the Petition Date, and it shall be senior to the Junior Replacement Lien (as defined below). The Senior Replacement Lien shall be subordinate to (a) the fees payable to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930(a), plus applicable interest on any such fees, and (b) the administrative expenses, not to exceed $10,000, of a trustee in a superseding case under chapter 7 of the Bankruptcy Code.

ii) The City is hereby granted a valid, perfected, and enforceable post-petition lien on and security interest in the Post-Petition Collateral (the "**Junior Replacement Lien**," and, together with the Senior Replacement Lien, the "**Replacement Liens**"). The Junior Replacement Lien shall be subordinate to the Senior Replacement Lien.

5. The Replacement Liens granted by this Interim Order are hereby deemed perfected without the necessity of filing any documents or otherwise complying with non-bankruptcy law in order to perfect security interests and record liens, with such perfection being binding upon all parties including, but not limited to, any subsequently appointed trustee either under chapter 11 or any other chapter of the Bankruptcy Code.

6. The Debtor is authorized and directed to perform all acts and to make, execute, and deliver any and all documents as may be necessary to implement and effectuate the terms and conditions of this Interim Order and the transactions described herein. The automatic stay of section 362 of the Bankruptcy Code shall be deemed modified as to Chase and the City to permit any and all such filings or recordings without further order of the Court.

7. To the extent the Replacement Liens and other relief granted to Chase and the City in this Interim Order do not provide Chase and/or the City with adequate protection of their interests in the Cash Collateral, Chase and/or the City will each have a super-priority

administrative expense claim (the "**Super-Priority Claims**") under section 507(b) of the Bankruptcy Code; <u>provided, however</u> that the Super-Priority Claim of Chase shall be senior in priority to the Super-Priority Claim of the City. The Super-Priority Claims will have priority over all administrative expenses incurred in the Debtor's case that are allowable under section 507(a)(2) of the Bankruptcy Code, except as otherwise provided herein.

8. The Super-Priority Claims shall be subordinate only to (a) the fees payable to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930(a) plus applicable interest on any such fees, and (b) the administrative expenses, not to exceed $10,000, of a trustee in a superseding case under chapter 7 of the Bankruptcy Code.

9. Notwithstanding any provisions herein to the contrary, the Debtor's authority to continue to use Cash Collateral shall be immediately and automatically revoked in the event of the earliest to occur of any of the following, each of which shall be deemed a "**Termination Event**":

> i) Entry of any order dismissing the within proceeding or converting the within proceeding to one under chapter 7 of the Bankruptcy Code;
>
> ii) Entry of an order authorizing the appointment of a chapter 11 trustee, or an examiner with expanded powers;
>
> iii) Entry of an order (other than this Interim Order or the Final Order on the Motion) modifying or vacating the automatic stay in favor of Chase and/or the City;
>
> iv) The Debtor's failure to comply with the Interim Budget, allowing for the per line item variance of 5% provided for in this Interim Order; and/or
>
> v) At 11:59 p.m. on the date that is 14 days after the date of entry of this Interim Order, unless further extended by written consent of Chase and the City, or by order of the Court.

10. Upon the occurrence of a Termination Event, the Debtor consents to the entry of an order terminating the automatic stay in favor of Chase and the City, and Chase and the City may submit an order (jointly or separately) granting them relief from the automatic stay to enforce their rights and remedies pursuant to the Guaranty and the Commercial Security Agreement and/or the Execution, as the case may be, in accordance with applicable non-bankruptcy law, upon five (5) days' written notice to the Debtor and the Office of the United States Trustee. During such five-day period, the Debtor shall have the right to seek a hearing for the purpose of obtaining a determination by the Court of whether a Termination Event has, in fact, occurred.

11. The provisions of this Interim Order and any actions taken pursuant hereto shall be binding and inure to the benefit of Chase, the City, the Debtor, and their respective successors and assigns and shall survive the entry of any subsequent order which may be entered confirming any plan of reorganization with respect to the Debtor, appointing a chapter 11 trustee or examiner for the Debtor, or converting this case from chapter 11 to chapter 7 of the Bankruptcy Code.

12. The terms and provisions of this Interim Order, as well as the priorities, liens, and security interests created hereunder shall continue in this or any superseding case in the Court, and such liens and security interests shall maintain their priority provided for by this Interim Order until satisfied and discharged in full. Notwithstanding the above, this is an interim order and all of its provisions are subject to the Final Order.

13. Nothing herein shall prejudice the rights of any non-debtor party to challenge the validity, enforceability, priority, or amount of any claim held by Chase or the City against the Debtor, or any security interest in and lien upon the Prepetition Collateral.

14. A final hearing approving the Debtor's use of Cash Collateral shall be held before the Court on **June 26, 2017 at 2:00 p.m.** (the "**Final Hearing**") at which the Debtor will seek entry of the Final Order. The Debtor represents that the Final Order that it will seek shall be substantially in the form of this Interim Order, except that the Debtor will be authorized to use Cash Collateral in accordance with a final budget. Any objections to the entry of a Final Order shall be in writing, conform to the Bankruptcy Rules and the Local Rules, and be filed with the Court electronically by registered users of the Court's case filing system, and by all other parties in interest on a CD-ROM or other electronic media (with a hard copy delivered directly to Judge Lane's chambers), and shall be served upon: (a) proposed counsel to the Debtor, Rosen & Associates, P.C., 747 Third Avenue, New York, NY 10017-2803, Attn.: Alice P. Ko, Esq.; (b) counsel for Chase, Platzer, Swergold, Levine, Goldberg, Katz & Jaslow, LLP, 475 Park Avenue South, New York, NY 10022, Attn.: Clifford A. Katz, Esq.; (c) counsel for the City, Leopold, Gross & Sommers, P.C., 16 Court Street, Ste. 1903, Brooklyn, NY 11241, Attn.: Paul R. Gross, Esq.; and (d) William K. Harrington, United States Trustee for Region 2, 201 Varick Street, New York, NY 10014, Attn.: Andrea B. Schwartz, Esq. **so as to be received by no later than 5:00 p.m. on June 19, 2017**.

15. Within one business day of the entry of this Interim Order, the Debtor shall serve by regular first-class mail, postage pre-paid, a copy of the Motion and this Interim Order, which shall constitute adequate notice of the Final Hearing, on (a) counsel for Chase, Platzer, Swergold, Levine, Goldberg, Katz & Jaslow, LLP, 475 Park Avenue South, New York, NY 10022, Attn.: Clifford A. Katz, Esq.; (b) counsel for the City, Leopold, Gross & Sommers, P.C., 16 Court Street, Ste. 1903, Brooklyn, NY 11241, Attn.: Paul R. Gross, Esq.; (c) William K. Harrington, United States Trustee for Region 2, 201 Varick Street, New York, NY 10014, Attn.:

Andrea B. Schwartz, Esq.; (d) the Debtors' 20 largest unsecured creditors; (e) any official committee of unsecured creditors appointed in this case; and (f) all persons who have filed a request for notice and service of papers in this case.

Dated: New York, New York
June 14, 2017

                                              ***/s/ Sean H. Lane***
                                              UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

# PRETTY GIRL OF FORDHAM ROAD CORP.
## 2 Week Cash Budget
### June 8 through July 7, 2017

|  | Jun 8 | Jun 15 | TOTAL |
|---|---:|---:|---:|
| **Ordinary Income/Expense** | | | |
| **Income** | | | |
| 4000 · Sales | 70,000.00 | 77,500.00 | 147,500.00 |
| **Total Income** | 70,000.00 | 77,500.00 | 147,500.00 |
| **Cost of Goods Sold** | | | |
| 5000 · Purchases | 33,250.00 | 36,812.50 | 70,062.50 |
| **Total COGS** | 33,250.00 | 36,812.50 | 70,062.50 |
| **Gross Profit** | 36,750.00 | 40,687.50 | 77,437.50 |
| **Expense** | | | |
| 6110 · Salaries & Wages | 0.00 | 22,125.00 | 22,125.00 |
| 6150 · Payroll Taxes | 0.00 | 2,832.00 | 2,832.00 |
| 6170 · Management Fee | | | 0.00 |
| 6210 · Rent Expense | | | |
| 6220 · Utilities | 4,100.00 | 0.00 | 4,100.00 |
| 6230 · Telephone | 175.68 | 0.00 | 175.68 |
| 6240 · Carting Expense | 0.00 | 0.00 | 0.00 |
| 6250 · Security Alarm | 0.00 | 0.00 | 0.00 |
| 6260 · Repairs and Maintenance | 0.00 | 0.00 | 0.00 |
| 6310 · Store Supplies | 415.00 | 100.00 | 515.00 |
| 6410 · Merchant Fees | 53.19 | 1,780.08 | 1,833.27 |
| 7100 · Office Supplies & Expense | | | |
| 7102 · Bank Service Charges | 370.27 | 0.00 | 370.27 |
| Total 7100 · Office Supplies & Expense | 370.27 | 0.00 | 370.27 |
| 7210 · Insurance | | | |
| 6160 · NY Disability Insurance | -46.90 | -22.80 | -69.70 |
| 7211 · Workers' Compensation | 998.83 | 0.00 | 998.83 |
| 7212 · Liability Insurance | 751.66 | 0.00 | 751.66 |
| Total 7210 · Insurance | 1,703.59 | -22.80 | 1,680.79 |
| **Total Expense** | 6,817.73 | 26,814.28 | 33,632.01 |
| **Net Ordinary Income** | 29,932.27 | 13,873.22 | 43,805.49 |
| **Net Income** | **29,932.27** | **13,873.22** | **43,805.49** |