ROSEN & ASSOCIATES, P.C.
Proposed Attorneys for the Debtor
 and Debtor in Possession
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen
Alice P. Ko

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| PRETTY GIRL OF FORDHAM ROAD CORP. d/b/a PRETTY GIRL, | Case No. 17-11600 (SHL) |
| Debtor. | |

------------------------------------------------------------x

**NOTICE OF DEBTOR'S MOTION FOR AN ORDER AUTHORIZING PAYMENT OF (I) PREPETITION EMPLOYEE WAGES, SALARIES, AND RELATED ITEMS AND (II) <u>PREPETITION EMPLOYEE DEDUCTIONS, WITHHOLDINGS AND TAXES</u>**

PLEASE TAKE NOTICE that upon the annexed motion dated July 6, 2017 (the "**Motion**") of Pretty Girl of Fordham Road Corp. d/b/a Pretty Girl, the above-captioned debtor and debtor in possession (the "**Debtor**"), by its attorneys, Rosen & Associates, P.C., the undersigned will move at a hearing before the Honorable Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court, Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, NY 10004-1408, on **August 8, 2017 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel can be heard, for the entry of an order authorizing it, *nunc pro tunc* to the Petition Date (as defined in the Motion) to

pay (a) prepetition employee wages, salaries, and related items and (b) prepetition employee deductions, withholdings and taxes.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the grounds for such objection with specificity, and shall be filed with this Court electronically in accordance with General Order M-399 (General Order M-399 and the Procedures for the Filing, Signing and Verification of Documents by Electronic Means can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest on a CD-ROM or other electronic media containing the document in PDF or other Windows-based word processing format (with a hard copy delivered directly to Judge Lane's chambers) and served in accordance with General Order M-399 upon (i) Rosen & Associates, P.C., proposed counsel to the Debtor, 747 Third Avenue, New York, NY 10017-2803, Attn.: Alice P. Ko, Esq. and (ii) the Office of the United States Trustee, 201 Varick Street, New York, NY 10014, Attn.: Andrea B. Schwartz, Esq. **so as to be received no later than August 1, 2017**.

Dated:  New York, New York
July 6, 2017

    ROSEN & ASSOCIATES, P.C.
    Proposed Attorneys for the Debtor
     and Debtor in Possession

    By:  /s/ Alice P. Ko
          Alice P. Ko

    747 Third Avenue
    New York, NY 10017-2803
    (212) 223-1100

ROSEN & ASSOCIATES, P.C.
Proposed Attorneys for the Debtor
 and Debtor in Possession
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen
Alice P. Ko

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                                                    Chapter 11

PRETTY GIRL OF FORDHAM ROAD CORP.              Case No. 17-11600 (SHL)
d/b/a PRETTY GIRL,

                                                Debtor.
-------------------------------------------------------------x

**DEBTOR'S MOTION FOR AN ORDER AUTHORIZING**
**PAYMENT OF (I) PREPETITION EMPLOYEE WAGES, SALARIES, AND**
**RELATED ITEMS AND (II) PREPETITION EMPLOYEE**
**DEDUCTIONS, WITHHOLDINGS AND TAXES**

Pretty Girl of Fordham Road Corp. d/b/a Pretty Girl, the above-captioned debtor and debtor in possession (the "**Debtor**"), by its proposed attorneys, Rosen & Associates, P.C., respectfully represents as follows:

**PRELIMINARY STATEMENT**

1.      By this Motion, the Debtor seeks entry of an order, pursuant to sections 105(a), 363, 507(a)(4), 541(b)(7), and 541(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), authorizing it, *nunc pro tunc* to the Petition Date (as defined below), to

pay (a) prepetition employee wages, salaries, and related items and (b) prepetition employee withholdings and taxes.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On June 9, 2017 (the "**Petition Date**"), the Debtor commenced in this Court a voluntary case under chapter 11 of the Bankruptcy Code.

4. Since the Petition Date, the Debtor has been operating its business and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. To date, no trustee, examiner, or creditors' committee has been appointed in the Debtor's chapter 11 case.

6. By order entered on June 14, 2017, the Court authorized, on an interim basis, the use of cash collateral by the Debtor. The two-week budget approved by the Court contained line items for $22,125 in salaries and wages and $2,832 in payroll taxes to be paid during the week of June 15, 2017, which payments were for the pay period of June 4, 2017 to June 17, 2017, part of which is prepetition.

## THE DEBTOR'S BUSINESS

7. The Debtor is a corporation organized under the laws of the state of New York. It maintains its corporate offices 1407 Broadway, Suite 2300, New York, NY 10018. At

the premises located at 201-213 East Fordham Road, Bronx, NY 10458, the Debtor operates a retail store under the name "Pretty Girl" that sells fashionable junior, missy, and plus-size clothing, accessories, and footwear to price conscious women.

8. The Debtor is an affiliate of Pretty Girl, Inc. ("**Pretty Girl**"), which filed a voluntary petition under chapter 11 of the Bankruptcy Code in this Court on July 2, 2014 (*In re Pretty Girl, Inc.*, Case No. 14-11979 (SHL)). The chapter 11 case of Pretty Girl was converted to one under chapter 7 of the Bankruptcy Code on December 23, 2014. The Debtor also is an affiliate of 72 Fashion Corp. d/b/a Pretty Girl and 1168 Liberty Corp. d/b/a Pretty Girl, both of which have chapter 11 cases pending in this Court, and 16 non-debtor affiliated stores (the "**Stores**"), each of which is separately incorporated.

9. The Debtor's assets consist of its inventory, which secures its guaranty obligation to repay indebtedness in the amount of approximately $300,000 (the "**Indebtedness**") of Pretty Girl to JPMorgan Chase, N.A. ("**Chase**"). The Indebtedness also is guaranteed by each of the Stores, 72 Fashion Corp., and 1168 Liberty Corp., PGNY Sportswear, Inc., a non-debtor affiliate wholly owned by Albert Nigri, and Mr. Nigri personally. Mr. Nigri is the sole shareholder of Pretty Girl, the Debtor, 72 Fashion Corp., 1168 Liberty Corp., and the Stores.

10. Upon the conversion of Pretty Girl's chapter 11 case, Chase gave notice to Pretty Girl, declaring it to be in default of the order entered in that case authorizing the use of cash collateral in which Chase has an interest. Chase also was granted stay relief as against Pretty Girl to collect the Indebtedness. Since that time, the Debtor, 72 Fashion Corp., 1168 Liberty Corp., and the Stores have, from time to time, made payments to Chase in reduction of the Indebtedness.

11. As of June 8, 2017, the Debtor's books and records reflect assets totaling approximately $192,000 and liabilities totaling approximately $657,000, exclusive of amounts due to Chase under its guaranty.

12. On or about March 21, 2017, the Marshal of the City of New York served the Debtor with a Notice of Execution informing the Debtor that an execution (the "**Execution**") against the Debtor's personal property had been issued as a result of a judgment entered in favor of the City of New York and against the Debtor in respect of certain Environmental Control Board ("**ECB**") violations in the case *City of New York v. Pretty Girl of Fordham Road Corp.*, Marshal's Docket No. P80030. The amount of the lien arising out of the judgment and execution is approximately $200,000 as of March 29, 2017.

13. As of the commencement of the Debtor's chapter 11 case, the Execution has not yet been carried out and the Debtor's property has not been levied upon.

14. The Debtor commenced its chapter 11 case in order to continue to operate its business at the Premises and to maintain, protect, and preserve its property.

## RELIEF REQUESTED

15. Currently, the Debtor has approximately eighteen (18) employees (the "**Employees**"), one (1) of which is salaried, and seventeen (17) of which are paid on an hourly basis. None of the employees are unionized. Existing management comprises Albert Nigri, the Debtor's president, who is not on the Debtor's payroll. Rather, he is compensated by PGNY Sportswear, Inc., which provides management and administrative services to the Debtor as well as the Stores.

16. The Debtor owes the Employees approximately $5,700 in prepetition salaries and wages (collectively, the "**Prepetition Compensation**"). These amounts were due as

of the Petition Date because the Debtor commenced its chapter 11 case in the middle of its customary payroll period.

17. Accordingly, the Debtor seeks authority to pay unpaid, prepetition employee wages.

18. The Employees perform a variety of critical functions for the Debtor. The skills and experience of the employees, as well as their knowledge of the Debtor's operations, are essential to the continuation of the Debtor's business. For these reasons, it would be difficult and expensive to replace Employees who might quit or seek other employment if Prepetition Compensation is not paid. A loss of Employees at this time would severely damage the Debtor's ability to continue its business, preserve its enterprise value, and successfully reorganize.

<u>Employee Compensation</u>

19. As set forth above, as of the Petition Date, the Debtor employs eighteen (18) Employees, of which approximately seventeen (17) are paid on an hourly basis and one (1) is paid on a salaried basis.

20. In the ordinary course of business, Employees are paid in arrears on each Wednesday for the preceding two-week pay period. As of the Petition Date, the Debtor estimates that it owes Employees approximately $22,100 on account of wages due for the pay period beginning June 4, 2017 and ending June 17, 2017, part of which is prepetition.

21. The amount owed to any one Employee on account of Prepetition Compensation does not exceed the $12,850 cap imposed by sectio0n 507(a)(4) of the Bankruptcy Code. The Debtor believes that all of its Employees have priority claims with respect to their accrued but unpaid pre-Petition Date wages or salaries pursuant to section 507(a)(4) of the Bankruptcy Code.

22. Accordingly, the Debtor requests authority to pay outstanding Prepetition Compensation.

Deductions and Withholdings

23. For each applicable pay period, the Debtor may, under certain circumstances, deduct amounts from Employee paychecks for, among other things, garnishments, child support and alimony, and similar deductions (the "**Deductions**").

24. In addition to the Deductions, federal and state laws require the Debtor to withhold amounts related to federal, state, and local income taxes and Social Security and Medicare taxes for remittance to the appropriate federal, state, or local taxing authority (collectively, the "**Withheld Amounts**"). The Debtor must then make payments from its own funds on account of Social Security and Medicare taxes and pay, based on a percentage of gross payroll, additional amounts for federal and unemployment insurance (the "**Payroll Taxes**").

25. On average, the Debtor deducts a total of approximately $3,200 from Employees' paychecks per two-week pay period on account of Deductions, Withheld Amounts, and Payroll Taxes, which the Debtor then remits to the appropriate third-party recipients.

26. By this Motion, the Debtor also requests authority to pay any accrued but unpaid Deductions, Withheld Amounts, and Payroll Taxes that relate to Prepetition Compensation. As of the Petition Date, the Debtor estimates that it owes approximately $1,600 in pre-Petition Date Deductions, Withheld Amounts, and Payroll Taxes.

**Worker's Compensation Insurance**

27. The Debtor also seeks authority to pay amounts due for workers' compensation insurance. Pursuant to state law, the Debtor must maintain workers' compensation insurance. If the Debtor fails to maintain workers' compensation insurance, state law may

prohibit it from operating.  Payment of all workers' compensation amounts, therefore, is crucial to the continued operation of the Debtor's business.

## BASES FOR RELIEF

28. Pursuant to 11 U.S.C. § 363(b), the debtor in possession "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate[.]" 11 U.S.C. § 363(b)(1).  Courts in the Second Circuit, and elsewhere, generally require that decisions to sell or use property pursuant to section 363(b)(1) based upon the sound business judgment of the debtor.  *See, e.g.*, *Licensing by Paolo, Inc. v. Sinatra (In re Gucci)*, 126 F.3d 380, 387 (2d Cir. 1997).  For the reasons set forth below, sound business reasons justify the payment of the Prepetition Compensation, Deductions, and Payroll Taxes at this time.

### The Prepetition Compensation Is Entitled to Priority Treatment

29. Subsection 507(a)(4) of the Bankruptcy Code entitles the Prepetition Compensation to priority.  As priority claims, the Debtor is required to pay these claims in full to confirm a plan of reorganization or liquidation.  Provided that an Employee receives no more than $12,850 on account of Prepetition Compensation the relief sought does not affect adversely any recovery to general unsecured creditors, because the priority claims would be entitled to payment in full under any plan of reorganization or liquidation before payment of any general unsecured claims.  Accordingly, authorizing the Debtor to make the Prepetition Compensation payments at this time will affect only the timing of such payments.

### The Deductions, Withheld Amounts, and Payroll Taxes Are Not Property of the Estate

30. The Debtor also seeks authority to pay Deductions, Withheld Amounts, and Payroll Taxes to the appropriate entities.  These amounts principally represent Employee earnings that governments, Employees, and judicial authorities have designated for deduction

from the Employees' paychecks. Indeed, certain Deductions, including contributions to employee benefit programs and child support and alimony payments, are not property of the Debtor's estate because they have been withheld from Employees' paychecks on another party's behalf. *See* 11 U.S.C. § 541(b); *see also City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92, 95-97 (3d Cir. 1994) (finding that state law requiring a corporate debtor to withhold city income tax from its employees' wages created a trust relationship between debtor and the city for payment of withheld income taxes); *Bradley v. United States*, 936 F.2d 707, 708 (2d Cir. 1991) ("The Internal Revenue Code requires employers to deduct income and social security taxes from their employees' wages and to hold these sums in trust for the United States.").

31. Because the Deductions, Withheld Amounts, and Payroll Taxes are not property of the Debtor's estate, the Debtor requests that this Court authorize it to transmit the Deductions, Withheld Amounts, and Payroll Taxes to the proper parties in the ordinary course of business.

**The Payments Are Permissible Under Section 105(a)**
**and the Doctrine of Necessity**

32. Under section 105(a) of the Bankruptcy Code, a "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Pursuant to that section, courts have authorized debtors to pay certain prepetition claims where such payments were necessary to ensure uninterrupted operation of the Debtor's business activities, including claims similar to those described herein. *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) ("The ability of a Bankruptcy Court to authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept."). Because payment of the claims as sought herein is critical to the retention of Employees and to the Debtor's ability to remain in business, this Court should

authorize the Debtor to pay these prepetition obligations under section 105(a) of the Bankruptcy Code.

33. Moreover, the payment of these claims is justified under the "doctrine of necessity." *Miltenberger v. Logansport, Crawfordsville & Sw. Ry. Co.*, 106 U.S. 286, 311 (1882) ("Many circumstances may exist which may make it necessary and indispensable to . . . the preservation of the property, for the receiver to pay pre-existing debts of certain classes out of the earnings of the receivership . . . ."); *see also In re Fin. News Network, Inc.*, 134 B.R. 732, 735-36 (S.D.N.Y. 1991) ("The 'doctrine of necessity' stands for the principle that a bankruptcy court may allow pre-plan payments of prepetition obligations where such payments are critical to the debtor's reorganization.").

34. Specifically, the relief requested in this Motion is supported by the well-established "necessity of payment" rule. The "necessity of payment" rule "recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay prepetition claims where such payment is essential to the continued operation of the debtor." *In re Ionosphere Clubs*, 98 B.R. at 176; *see also In re Tusa-Expo Holdings, Inc.*, No. 08-45057, 2008 WL 4857954, at *3 (Bankr. N.D. Tex. Nov. 7, 2008) (noting the necessity of permitting the payment of prepetition employee wages and related obligations in chapter 11 bankruptcy, "notably the accounting and in-house legal functions – [where] employee turnover can inhibit a debtor's ability to perform its chapter 11 duties").

35. Courts in this Circuit have recognized that the invocation of the "necessity of payment rule" is particularly appropriate where a debtor's employees must be paid on time to assure their continued service and loyalty during a chapter 11 proceeding. In *In re Ionosphere Clubs*, the bankruptcy court permitted Eastern Air Lines to pay its employees' prepetition wages,

9

salaries, medical benefits, and business expense claims. In explaining his decision, Judge Lifland relied on the Court's equitable powers under section 105(a) of the Bankruptcy Code and, in particular, the "necessity of payment" rule, to authorize such payments, recognizing that the debtors had to make the payments in order to retain its current employees and maintain positive employee morale – two factors that he deemed critical to the rehabilitation of an operating debtor. 98 B.R. at 176-77 (citing HR Rep. No. 595 95th Cong. 1st Sess. 16 (1977)).[1]

36. Here, it is essential that the Employees continue to provide services to the Debtor so that the Debtor can remain operational and formulate and file a plan of reorganization. To accomplish this, it is essential that the Employees be paid without interruption and that the Debtor continue to honor its existing practices and policies that are of pecuniary benefit to such employees.

37. Relief similar to the relief requested herein has been granted by bankruptcy courts in this Circuit in other chapter 11 cases. *See, e.g.*, *In re MPM Silicones, LLC, et al.*, Case No. 14-22503 (Bankr. S.D.N.Y. May 16, 2014) [Docket No. 215] (authorizing payment of prepetition wages, employee business expenses, and benefits, finding that such relief was essential to continued operation of the debtors' businesses and preservation of value of assets); *In re Eastman Kodak Company, et al.*, Case No. 12-10202 (Bankr. S.D.N.Y. Feb. 28, 2012) [Docket No. 444] (authorizing debtor to pay certain prepetition employee wages, benefits and other obligations); *In re Hostess Brands, Inc., et al.*, Case No. 12-22052 (finding that payment of employee compensation and benefits was necessary and appropriate to prevent immediate and irreparable harm to the debtor's business operations).

---

[1] In this decision, the bankruptcy court was addressing the union's motion to direct the debtor to pay prepetition wages and benefits of union members that were striking; Judge Lifland had previously authorized the debtor to pay wages and benefits for employees that were still working. Judge Lifland ultimately denied the union's request. *See In re Ionosphere Clubs*, 98 B.R. at 178-79.

38. Nothing in this Motion is intended, and shall not be deemed or construed as: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's right to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim is a claim for Prepetition Compensation, Withheld Amounts, Deductions, or Payroll Taxes; or (e) a request to assume any executory contract or unexpired lease pursuant to section 365 the Bankruptcy Code.

## REQUEST FOR IMMEDIATE RELIEF

39. Pursuant to Bankruptcy Rule 6004(h), the Debtor seeks (a) immediate entry of an order granting the relief sought herein and (b) a waiver of any stay of the effectiveness of such an order. Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).

40. As discussed above, payment of the Prepetition Compensation, Withheld Amounts, Deductions, and Payroll Taxes are essential to ensure the retention of the Debtor's Employees and maintain the operations of its business, which, in turn, is essential to effect a successful reorganization, and the delay of such payment could irreparably damage the Debtor's ability to maintain the workforce necessary to continue its operations.

41. Accordingly, the Debtor respectfully submits that sufficient cause exists for the immediate entry of an order granting the relief sought herein and waiver of the fourteen-day stay imposed by Bankruptcy Rule 6004(h).

## NOTICE

42. Notice of this Motion shall be given to: (a) the Office of the United States Trustee; (b) counsel for Chase; (c) counsel for the City; (d) the Debtor's 20 largest unsecured

creditors; (e) any official committee appointed in this case; and (e) all persons who have filed a request for notice and service of papers in this case. The Debtor submits that no other or further notice need be given.

## NO PRIOR REQUEST

43. No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that this Court (a) enter an order, substantially in the form annexed hereto as Exhibit "A", and (b) grant such other and further relief as it deems just and proper.

Dated: New York, New York
July 6, 2017

ROSEN & ASSOCIATES, P.C.
Proposed Attorneys for the Debtor
 and Debtor in Possession

By: /s/ Alice P. Ko
     Alice P. Ko

747 Third Avenue
New York, NY 10017-2803
(212) 223-1100