LEOPOLD GROSS & SOMMERS, P.C.
ATTORNEYS FOR THE CITY OF NEW YORK,
JUDGMENT CREDITOR
16 Court Street, Suite 1903
Brooklyn, New York 11241



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

In re                                           Chapter 11

PRETTY GIRL OF FORDHAM ROAD CORP.
a/k/a PRETTY GIRL,

       Debtor.

                                       Case No. 17-11600 (SHL)

-----------------------------------------------------------------x

## LIMITED OBJECTION BY THE CITY OF NEW YORK TO DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS FOR THE USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

The City of New York (the "City") hereby objects on a limited basis (the "Limited Objection") to the relief sought by the debtor-in-possession, Pretty Girl of Fordham Road Corp., a/k/a Pretty Girl (the "Debtor") in the *Motion of Debtor and Debtor in Possession for Interim and Final Orders (i) authorizing the use of cash collateral, (ii) granting adequate protection, and (iii) scheduling a final hearing on the motion*, (the "Motion").

As discussed herein, the City submits this Limited Objection because it believes the Debtor's request for the use of cash collateral as outlined in its proposed cash collateral budget (the "Budget") (i) may include payments, including but not limited to, salary disbursements, "Management Fees", and for the payment for the cost of goods to one or more of the Debtor's

insiders that are excessive under the circumstances, and (ii) because the Debtor has failed to disclose whether it has reason to believe that the Budget will be adequate to pay all administrative expenses that will accrue, or that will otherwise become due and payable during the period covered by the Budget in accordance with the Local Bankruptcy Rules for the U.S. Bankruptcy Court for the Southern District of New York.

In support of this Limited Objection, the City respectfully states as follows:

### Background and Procedural History

1. As admitted in the Debtor's motion, the City has an interest in the Debtor's Cash Collateral by virtue of the fact that the City Marshal "issued an execution against the Debtor based on a judgment [in the amount of about $218,000.00] entered in favor of the City and against the Debtor based on certain ECB violations, resulting in a judgment lien on the Debtor's personal property."

2. On or about June 9, 2017 the Debtor filed with this Court its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Since that date, the Debtor has continued in possession of its assets and in the management and operation of its business as a debtor-in-possession pursuant to Bankruptcy Code sections 1107 (a) and 1108.

3. On or about June 9, 2017 the Debtor filed this Motion seeking authorization for the use of cash collateral in accordance with the Budget on an interim and final basis.

4. The Motion was adjourned by the consent of the parties to July 11, 2017.

5. Specifically, the Motion requests cash collateral to "carry out its daily business operations." See Motion at paragraph 8.

the Debtor. Instead, Debtor alleges in email correspondence that Mr. Nigri gets compensated by an administrative entity called PGNY Sportswear that manages all of the Pretty Girls stores, including the Debtor. According to the Motion, Mr. Nigri will get paid $15,500.00 during the budget period ending July 24, 2017. Debtor alleges in email correspondence that the management fee is set at 5% but has not sent to the City any back-up information to legitimize this exorbitant amount which admittedly all goes to Mr. Nigri.

(c) Cost of Goods

The cost of the goods is alleged in the proposed Budget to be $147,250.00, but the Debtor admits in email correspondence that two of the three companies that supply the goods to the Debtor are insider companies of the Debtor, MegaWear and Jasmine Sportswear who pays them directly. The Debtor must provide back-up documentation to legitimize the relationship it has with its insider supply companies.

(d) Administrative Expenses

The City further objects to the Motion and Budget because the Debtor fails to account for administrative expenses or disclose whether the Budget will be adequate to pay administrative expenses due and payable during the period covered by the Budget as required by the Local Rules.

**WHEREFORE,** the City respectfully requests that this Court enter an order, (i) sustaining this Limited Objection in its entirety; and (ii) granting to the City such other and further relief as the Court deems just and proper.

/s/ Paul R. Gross

Paul R. Gross, Esq. (BB0 No. PRL-2534)
LEOPOLD GROSS & SOMMERS, P.C.
ATTORNEYS FOR THE CITY OF NEW
YORK, JUDGMENT CREDITOR
16 Court Street Street, Suite 1903
Brooklyn, New York 11241
telephone: (718) 625-2805
facsimile: (718) 522-4280
email: prgesq@lgspc.com

Dated: July 10, 2017

## **CERTIFICATE OF SERVICE**

I, Paul R. Gross, hereby certify that on July 10, 2017 I caused a true and accurate copy of the foregoing document to be served via ECF upon all parties who are registered to receive electronic notice of filing of this proceeding.

/s/ Paul R. Gross

Paul R. Gross

TO: DAVID A. BLANSKY
La Monica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue SUITE 201
Wantagh, NY 11793
Tel: (516)-826-6500
Fax: (516)-826-0222
e-mail: dab@lhmlawfirm.com

ALICE PIN-LAN KO
Rosen & Associates, P.C.
747 Third Avenue
New York, NY 10017
Tel: (212)- 223-1100
e-mail: ako@rosenpc.com