

ROSEN & ASSOCIATES, P.C.
747 THIRD AVENUE
NEW YORK, NY 10017-2803
(212) 223-1100 TELEPHONE
(212) 223-1102 FACSIMILE

www.rosenpc.com

August 3, 2017

<u>VIA CM/ECF</u>

Honorable Sean H. Lane
United States Bankruptcy Judge
United States Bankruptcy Court, SDNY
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408

          **Re:** *In re Pretty Girl of Fordham Road Corp.*, **Case No. 17-11601 (SHL)**
              *In re 72 Fashion Corp.*, **Case No. 17-11602 (SHL)**
              <u>*In re 1168 Liberty Corp.*</u>**, Case No. 17-11602 (SHL)**

Dear Judge Lane:

      We represent the debtors and debtors in possession in the above captioned chapter 11 cases (collectively, the "**Debtors**"). As the Court may recall, there is a hearing (the "**Hearing**") scheduled to be held before the Court on August 8, 2017 to consider (a) the Debtors' payroll motions and (b) granting final relief as to the Debtors' requests for authorization to use cash collateral. We are writing to request that the Hearing be adjourned for approximately a week, for the reasons detailed below. Counsel for the United States Trustee and secured creditors JPMorgan Chase and the City of New York have consented to such adjournment.

      During the last hearing held before the Court, as well as the follow-up teleconference held the next day, the Court addressed several concerns raised by objections filed by the City of New York to the Debtors' cash collateral motions. We would like the opportunity to file an affidavit by the Debtors' principal, Albert Nigri, addressing those concerns, and to make Mr. Nigri available at the next hearing for cross-examination by interested parties. We plan to file the affidavit by next Monday.

      In light of the foregoing, we respectfully request that the Hearing be adjourned to a date as soon as the Court's calendar will permit, after August 16, 2017, so as to ensure that counsel for all interested parties can attend. We further request that interim cash collateral orders, substantially in the form annexed hereto, be entered in each case, with the date of the adjourned Hearing entered as the date on which authorization to use cash collateral will end. A

Honorable Sean H. Lane
August 3, 2017

copy of the order for each case in Word format will be submitted to Chambers, and notices of adjournment will be filed once an adjourned Hearing date is received from the Court.

                                                            Respectfully,

                                                            /s/ Alice P. Ko
                                                                 Alice P. Ko

cc: Andrea B. Schwartz, Esq. (via e-mail)
    Clifford A. Katz, Esq. (via e-mail)
    Paul R. Gross, Esq. (via e-mail)
    David A. Blansky, Esq. (via e-mail)
    Leslie A. Berkoff, Esq. (via e-mail)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re                                                          Chapter 11

[DEBTOR],                                                      Case No. 17-_____ (SHL)

                        Debtor.
------------------------------------------------------------x

# FIFTH INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

On June 9, 2017, _____, the above-captioned debtor and debtor in possession (the "**Debtor**"), filed the Motion of the Debtor and Debtor in Possession for Interim and Final Orders (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, and (III) Scheduling a Final Hearing on the Motion (the "**Motion**").[1]

On June 14, 2017, the Court entered the Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, and (III) Scheduling a Final Hearing on the Motion (the "**Interim Order**").

The Interim Order scheduled a final hearing (the "**Final Hearing**") for June 26, 2017 to consider granting the Motion on a final basis.

On June 23, 2017, the Court entered the Second Interim Order Authorizing Use of Cash Collateral and Granting Adequate Protection (the "**Second Interim Order**"), which authorized the Debtor to continue to use Cash Collateral through July 11, 2017 and adjourned the Final Hearing to July 11, 2017.

On July 11, 2017, the Court entered the Third Interim Order Authorizing Use of Cash Collateral and Granting Adequate Protection (the "**Third Interim Order**"), which

---

[1] Capitalized terms used herein, but not defined herein, shall have the meanings ascribed to them in the Motion.

authorized the Debtor to continue to use Cash Collateral through July 26, 2017 and adjourned the Final Hearing to July 26, 2017.

On July 18, 2017, the Debtor filed an amended cash collateral budget (the "**Amended Budget**") for the period from June 27, 2017 through July 17, 2017, which includes the period covered by the Second Interim Order. The cash collateral budget was amended to include rent payments that were omitted from the original cash collateral budget covering that period.

On July 19, 2017, the City filed a limited objection to the Motion on the grounds that certain disbursements identified on the budget, including payroll, management fees, rent, and payments for goods constituted inappropriate and excessive payments or compensation to insiders.

The Court held a hearing on June 26, 2017, where the Debtor represented that the Debtor, Chase, and the City mutually agreed to seek only interim relief and to further adjourn the Final Hearing to August 8, 2017, and Chase and the City had consented to the Debtor's use of Cash Collateral on an interim basis through and including August 8, 2017. The Debtor further requested that the Amended Budget be approved.

On July 27, 2017, the Court held a teleconference to further consider the entry of this Fourth Interim Order.

On August 2, 2017, the Court entered the Fourth Interim Order Authorizing Use of Cash Collateral and Granting Adequate Protection (together with the Interim Order, the Second Interim Order, and the Third Interim Order, the "**Prior Interim Orders**"), which authorized the Debtor to continue to use Cash Collateral through August 8, 2017 and adjourned the Final Hearing to August 8, 2017.

On August 3, 2017, the Debtor submitted a letter request to the Court seeking a further adjournment of the Final Hearing, on consent of Chase and the City, to allow the Debtor to file an affidavit in response to the objections and make the Debtor's principal available for cross-examination at the Final Hearing.

NOW, upon all the pleadings and proceedings had in this matter to date, and good cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. Subject to the same terms, conditions, and limitations contained in the Interim Order, the Debtor is authorized to continue to use Cash Collateral through and including _____, 2017; in accordance with the terms of the Interim Order which is incorporated herein, provided, however, that the budget annexed hereto as Exhibit "A" shall control for the period from the date of entry of this Interim Order through and including _____, 2017.

2. The Debtor's motion to continue to use cash collateral on an interim basis is granted.

3. The Final Hearing on the Debtor's Motion is adjourned to _____, 2017 (**prevailing Eastern Time**) before this Court.

4. Any objections to the entry of a Final Order shall be filed with the Court and served on the notice parties as provided in the Interim Order so as to be **received no later than** _____, **2017**.

5. Notwithstanding anything to the contrary contained herein or in the Prior Interim Orders, the Court's approval of the Debtor's continued use of cash collateral does not constitute approval by the Court of any disbursements made pursuant to the Amended Budget or

3

any of the budgets annexed to the Prior Interim Orders, and all such disbursements, including without limitation, rent payments, payroll, management fees, and payments for goods, shall be subject to being avoided pursuant to Chapter 5 of the Code or other applicable law by motion of any party in interest, including without limitation, JP Morgan Chase Bank, the City, the U.S. Trustee, or any Chapter 11 or Chapter 7 Trustee subsequently appointed in these cases, or sua sponte by the Court should it be determined that any of the disbursements were unlawful or did not comply with the Code or other applicable law and is without prejudice to the rights and claims of any party in interest with respect to the nature and extent of any liens, claims or encumbrances on any disgorged or recovered disbursements.

6. To the extent not expressly amended or modified by the terms of this Order, all other provisions of the Interim Order shall remain in full force and effect.

7. Within one business day of the entry of this Fifth Interim Order, the Debtor shall serve by regular first-class mail, postage pre-paid, a copy of this Fifth Interim Order on: (a) counsel for Chase, Platzer, Swergold, Levine, Goldberg, Katz & Jaslow, LLP, 475 Park Avenue South, New York, NY 10022, Attn.: Clifford A. Katz, Esq.; (b) counsel for the City, Leopold, Gross & Sommers, P.C., 16 Court Street, Ste. 1903, Brooklyn, NY 11241, Attn.: Paul R. Gross, Esq.; (c) William K. Harrington, United States Trustee for Region 2, 201 Varick Street, New York, NY 10014, Attn.: Andrea B. Schwartz, Esq.; (d) the Debtor's 20 largest unsecured creditors; (e) any official committee of unsecured creditors appointed in this case; and (f) all persons who have filed a request for notice and service of papers in this case.

Dated: New York, New York
    _____, 2017

                                                UNITED STATES BANKRUPTCY JUDGE