**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
| | |
|---|---|
| In re | Chapter 11 |
| PRETTY GIRL OF FORDHAM ROAD CORP. d/b/a PRETTY GIRL, | Case No. 17-11600 (SHL) |
| Debtor. | |

------------------------------------------------------------x
| | |
|---|---|
| In re | Chapter 11 |
| 72 FASHION CORP. d/b/a PRETTY GIRL, | Case No. 17-11601 (SHL) |
| Debtor. | |

------------------------------------------------------------x
| | |
|---|---|
| In re | Chapter 11 |
| 1168 LIBERTY CORP. d/b/a PRETTY GIRL, | Case No. 17-11602 (SHL) |
| Debtor. | |

------------------------------------------------------------x

**NOTICE OF DEBTORS' MOTION FOR THE ENTRY OF ORDERS APPROVING (A) A SETTLEMENT AGREEMENT WITH THE CITY OF NEW YORK, PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND (B) DISMISSING THE DEBTORS' CASES UPON APPROVAL OF THE SETTLEMENT AGREEMENT, PURSUANT TO 11 U.S.C. §§ 105(a), 349, AND 1112(b)**

PLEASE TAKE NOTICE that upon the annexed motion dated November 21, 2017 (the "**Motion**") of Pretty Girl of Fordham Road Corp. d/b/a Pretty Girl, 72 Fashion Corp. d/b/a Pretty Girl, and 1168 Liberty Corp. d/b/a Pretty Girl, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), by their attorneys, Rosen & Associates, P.C., the undersigned will move at a hearing before the Honorable Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court, Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, NY 10004-1408, on **December 20,**

**2017 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel can be heard, for the entry of orders (a) approving a settlement agreement by and among the Debtors and the City of New York, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, and (b) dismissing the Debtors' cases upon such approval, pursuant to 11 U.S.C. §§ 105(a), 349, and 1112(b).

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the grounds for such objection with specificity, and shall be filed with this Court electronically in accordance with General Order M-399 (General Order M-399 and the Procedures for the Filing, Signing and Verification of Documents by Electronic Means can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest on a CD-ROM or other electronic media containing the document in PDF or Windows-based word processing format (with a hard copy delivered directly to Judge Lane's chambers) and served in accordance with General Order M-399 upon (i) Rosen & Associates, P.C., proposed counsel to the Debtors, 747 Third Avenue, New York, NY 10017-2803, Attn.: Sanford P. Rosen, Esq. and (ii) the Office of the United States Trustee, 201 Varick Street, New York, NY 10014, Attn.: Andrea B. Schwartz, Esq., **so as to be received no later than December 13, 2017**.

Dated: New York, New York
      November 21, 2017

                                      ROSEN & ASSOCIATES, P.C.
                                      Proposed Attorneys for the Debtors
                                       and Debtors in Possession

                                      By: /s/ Sanford P. Rosen
                                          Sanford P. Rosen

747 Third Avenue
New York, NY 10017-2803
(212) 223-1100

ROSEN & ASSOCIATES, P.C.
Proposed Attorneys for the Debtor
 and Debtor in Possession
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen
Alice P. Ko

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| PRETTY GIRL OF FORDHAM ROAD CORP. d/b/a PRETTY GIRL, | Case No. 17-11600 (SHL) |
| Debtor. | |

------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| 72 FASHION CORP. d/b/a PRETTY GIRL, | Case No. 17-11601 (SHL) |
| Debtor. | |

------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| 1168 LIBERTY CORP. d/b/a PRETTY GIRL, | Case No. 17-11602 (SHL) |
| Debtor. | |

------------------------------------------------------------x

**DEBTORS' MOTION FOR THE ENTRY OF ORDERS APPROVING (A) A
SETTLEMENT AGREEMENT WITH THE CITY OF NEW YORK,
PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE, AND (B) DISMISSING THE DEBTORS' CASES UPON
APPROVAL OF THE SETTLEMENT AGREEMENT,
<u>PURSUANT TO 11 U.S.C. §§ 105(a), 349, AND 1112(b)</u>**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Pretty Girl of Fordham Road Corp. d/b/a Pretty Girl ("**Fordham Corp.**"), 72 Fashion Corp. d/b/a Pretty Girl ("**Fashion Corp.**"), and 1168 Liberty Corp. d/b/a Pretty Girl ("**Liberty Corp.**") and, together with Fordham Corp. and Fashion Corp., the "**Debtors**" and each, a "**Debtor**"), by their proposed attorneys, Rosen & Associates, P.C., respectfully represent:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## PRELIMINARY STATEMENT

2. By this motion (the "**Motion**") the Debtors seek (a) the entry of an order, substantially in the form annexed hereto as Exhibit "A," approving, as to each Debtor, a settlement agreement dated October 31, 2017 (the "**Settlement Agreement**") by and among the Debtors, on the one hand, and the City of New York (the "**City**"), on the other, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, and (b) the entry of an order, substantially in the form annexed hereto as Exhibit "B," dismissing the Debtors' chapter 11 cases, pursuant to sections 105(a), 349, and 1112(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), upon approval of the Settlement Agreement, and (c) such other and further relief as to this Court seems just and proper.

## BACKGROUND

3. On June 9, 2017 (the "**Petition Date**"), each of the Debtors commenced in this Court a voluntary case under chapter 11 of the Bankruptcy Code.

4. Each Debtor is operating its business and managing its property as a debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. To date, no trustee, examiner or creditors' committee has been appointed

5. Fordham Corp. operates a retail store under the name "Pretty Girl" located at 201-213 East Fordham Road, Bronx, NY 10458, that sells fashionable junior, missy, and plus-size clothing, accessories, and footwear to price-conscious women.

6. Fashion Corp. operates a retail store under the name "Pretty Girl" located at 72 E. 170th St., Bronx, NY 10452, that sells fashionable junior, missy, and plus-size clothing, accessories, and footwear to price-conscious women.

7. Liberty Corp. operates a retail store under the name "Pretty Girl" located at 1168 Liberty Avenue, Brooklyn, NY 11208, that sells fashionable junior, missy, and plus-size clothing, accessories, and footwear to price-conscious women.

8. Each Debtor is wholly owned by Albert Nigri and thus is an affiliate of one another. Each Debtor also is an affiliate of Pretty Girl, Inc., which also is wholly owned by Albert Nigri and which filed a voluntary petition under chapter 11 of the Bankruptcy Code on July 2, 2014 in this Court (*In re Pretty Girl, Inc.*, Case No. 14-11979 (SHL)). The chapter 11 case of Pretty Girl, Inc. was converted to one under chapter 7 of the Bankruptcy Code on December 23, 2014. Each Debtor also is an affiliate of several other non-debtor entities, including sixteen (16) retail stores, all of which are corporate entities wholly owned by Albert Nigri.

## THE CITY'S CLAIMS

9. On or about March 21, 2017, the Marshal of the City of New York served Fordham Corp. with a Notice of Execution informing the Debtor that an execution against its

personal property had been issued as a result of a judgment entered in favor of the City of New York in respect of certain Environmental Control Board violations in the case *City of New York v. Pretty Girl of Fordham Road Corp.*, Marshal's Docket No. P80030. The amount of the lien arising therefrom is approximately $200,000.

10. On or about March 10, 2017, the Marshal of the City of New York served Fashion Corp. with a Notice of Execution informing the Debtor that an execution against its personal property had been issued as a result of a judgment entered in favor of the City of New York in respect of certain Environmental Control Board violations in the case *City of New York v. 72 Fashion Corp.*, Marshal's Docket No. P79945. The amount of the lien arising therefrom is approximately $71,000.

11. On or about March 10, 2017, the Marshal of the City of New York served Liberty Corp. with a Notice of Execution informing the Debtor that an execution against its personal property had been issued as a result of a judgment entered in favor of the City of New York in respect of certain Environmental Control Board violations in the case *City of New York v. 1168 Liberty Corp.*, Marshal's Docket No. P79947. The amount of the lien arising therefrom is approximately $39,000.

12. As of the commencement of the Debtors' chapter 11 cases, the executions had not yet been carried out and the Debtors' properties had not been levied upon.

13. The Debtors commenced their respective chapter 11 cases to protect, preserve and maintain their respective properties and propose, confirm and consummate a plan (or plans) of reorganization.

14. The Debtors, acting through Mr. Nigri as their president, now have executed the Settlement Agreement, a copy of which is annexed hereto as Exhibit "C," which will resolve the City's claims.

## THE SETTLEMENT AGREEMENT

15. The salient terms of the Settlement Agreement, are as follows:

    (a) The Debtors, jointly and severally, shall pay the City the sum of fifty two thousand five hundred dollars ($52,500) (the "**Settlement Amount**") in the following manner:

    The Debtors shall pay the City the amount of fifty thousand dollars ($50,000) (the "**City Settlement Payment**") by causing a check in such amount, made payable to "The City of New York," to be delivered to Leopold Gross & Sommers, P.C., counsel to the City, not later than three business days following the Effective Date; and

    The Debtors shall pay Marshall poundage with respect to the City Settlement Payment in the amount of two thousand five hundred dollars ($2,500) by causing a check in such amount, made payable to "Leopold Gross & Sommers, P.C., as attorneys," to be delivered to Leopold Gross & Sommers, P.C., counsel to the City, not later than three business days following the Effective Date.

    (b) The Settlement Agreement is conditioned upon the entry of orders approving of the Agreement and dismissing the Debtors' chapter 11 cases. Accordingly, the term Effective Date means the date on which both such orders have become final

    (c) The City will release each of the Debtors of and from the claims that the City has asserted against the Debtors as of the Petition Date, including, without limitation, those in its proofs of claim filed against the estates of the respective Debtors.

16. To enable the Debtors to make the City Settlement Payment, a non-debtor affiliate will make unsecured loans to or for the benefit of the Debtors that will be subordinate in

right of payment to all other claims against the Debtors as of the date of the filing of the petitions commencing the Debtors' respective chapter 11 cases.[1]

## BASIS FOR RELIEF

**The Settlement Agreement**

17. Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). In *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968) (hereinafter "*TMT Trailer Ferry*"), the United States Supreme Court held that the approval of a compromise or settlement requires a determination by the bankruptcy court that it is fair and equitable. Such approval also requires a determination that the compromise or settlement is in the best interests of the estate. *In re Drexel Burnham Lambert Grp., Inc.*, 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991) (citing *TMT Trailer Ferry*, 390 U.S. 414, 424 (1968)).

18. In this Circuit, courts have developed "standards to evaluate if a settlement is fair and equitable, and, to that end . . . have set forth factors for approval of settlements based on the original framework announced in *TMT Trailer Ferry*." *Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 462 (internal citations omitted). These factors are as follows:

> a. the balance between the litigation's possibility of success and the settlement's future benefits;
>
> b. the likelihood of complex and prolonged litigation,

---

[1] The Debtors respectfully submit that, since the settlement at issue is being funded by non-estate funds, the concerns set forth in *Czyzewski v. Jevic Holding Corp.*, 580 U.S. __ (2017), are not implicated. In any event, upon information and belief, the senior secured creditor in these cases does not object to the Settlement Agreement, the payment thereunder, and dismissal of these chapter 11 cases. *Cf. Jevic Holding Corp.*, 580 U.S. at __ ("A distribution scheme ordered in connection with the dismissal of a Chapter 11 case cannot, *without the consent of the affected parties*, deviate from the basic priority rules that apply [under the Bankruptcy Code]." (emphasis added)).

> including the expense, delay, and difficulty in collecting on the judgment;
>
> c. the interests of creditors, including whether they support the settlement;
>
> d. whether other parties in interest support the settlement;
>
> e. the competency and experience of the attorneys supporting the settlement;
>
> f. the nature and breadth of releases to be obtained by officers and directors; and
>
> g. whether the settlement is the result of arm's length bargaining.

*In re Iridium Operating LLC*, 478 F.3d at 462.

19. It is well settled that "[a] bankruptcy court need not conduct an independent investigation into the reasonableness of the settlement . . . . It is not necessary for the court to conduct a 'mini-trial' of the facts or the merits underlying the dispute." *In re Chemtura Corp.*, 439 B.R. 561, 594 (Bankr. S.D.N.Y. 2010) (citations omitted). Rather, the court fulfills its responsibility by "canvass[ing] the issues and see[ing] whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (alteration in original) (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)).

20. Although a bankruptcy court has discretion to approve a settlement, it "may rely on the opinion of the debtor, parties to the settlement, and the professionals." *In re Residential Capital, LLC*, 497 B.R. 720, 750-51 (Bankr. S.D.N.Y. 2013) (citing *In re Chemtura Corp.,* 439 B.R. 561, 594 (Bankr. S.D.N.Y. 2010); *In re Purified Down Prods. Corp.,* 150 B.R. 519, 522–23 (Bankr. S.D.N.Y. 1993); *MF Global Inc.,* No. 11-2790, 2012 WL 3242533, at *5 (Bankr. S.D.N.Y. Aug. 10, 2012) (recognizing that although courts have the discretion to

approve settlements, the business judgment of the debtor in recommending a settlement should be considered)).

21. Here, the Debtor easily satisfies its burden to demonstrate that the Settlement Agreement is fair, equitable, and in the best interest of its estate.

22. Application of the first, second, third and fourth *Iridium* factors weigh strongly in favor of approving the Settlement Agreement and demonstrate that the settlement is within the range of reasonableness. Absent the Settlement Agreement, the City's claims would aggregate about $310,000. As to each Debtor the magnitude of the City's claim would likely bar each Debtor from confirming a chapter 11 case. In fact, the City would hold a veto vote with respect to confirmation none of the estates would have a consenting impaired class in order to override the veto.

23. Regardless of the how the City would vote, confirmation would be challenging because each Debtor is jointly and severally obligated to JP Morgan Chase Bank, NA ("**Chase**"), under their respective secured guarantees of the obligations of Pretty Girl to Chase. Fordham Corp. would have a particularly difficult time confirming a plan in light of the fact that its right to occupy its premises will terminate on December 31, 2017, unless extended with the consent of the landlord.

24. The Settlement Agreement, on the other hand, provides significant benefit to the Debtors' estates. First, the Settlement Agreement provides for the Debtors to pay the City $50,000 on account of an aggregate claim of $310,000, a significant discount in relation to the debt. Second, the Settlement Agreement enables the Debtors to continue to operate and, upon dismissal, deal with their other creditors in the ordinary course of business with much stronger balance sheets because (i) the debt to the City will be eliminated and (ii) the funds to be loaned

to make the City Settlement Payment will be unsecured, subordinated debt. The rights of all other creditors actually will be much enhanced.

25. The fourth *Iridium* factor also supports approval of the Settlement Agreement. Upon information and belief, Chase, the Debtors' senior secured creditor, whose claim is in excess of $300,000, supports the settlement as well as the dismissal.

26. The fifth and seventh *Iridium* factors also support approval of the Settlement Agreement. The parties, who have been negotiating the terms of the settlement since prior to the commencement of the Debtors' chapter 11 cases, were represented by competent and experienced counsel and the Settlement Agreement is the result of arms-length bargaining. The Settlement Agreement represents a fair balancing of the City's rights to be paid with the Debtors' interests in continuing to conduct their business in an orderly manner.

27. Finally, the sixth *Iridium* factor, which requires this Court to examine the nature and breadth of releases to be obtained by the Debtors' officers and directors, also weighs in favor of approving the Settlement Agreement. Here, Albert Nigri, in his capacity as an affiliate of the Debtors, will be released of the claims that are being settled.

## Dismissal of the Debtors' Chapter 11 Cases

28. Section 1112(b) of the Bankruptcy Code permits a court to dismiss a chapter 11 case or convert it to a case under chapter 7 'for cause' as long as it is in the best interests of creditors and the estate.'" *In re FRGR Managing Member LLC*, 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009). That section provides as follows:

> on request of a party in interest, and after notice and a hearing, the court shall convert a case under [chapter 11 of the Bankruptcy Code] to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause[.]

9

11 U.S.C. § 1112(b)(1).

29. "Although section 1112(b)(4) provides sixteen examples of events that could constitute 'cause,' the list is not exhaustive, leaving courts the option to consider other factors." *In re Just Plumbing & Heating Supply, Inc.*, No. 11-10151 (MG), 2011 WL 4962993, at *2, (Bankr. S.D.N.Y. Oct. 18, 2011). And "[b]ankruptcy judges have wide discretion to determine whether cause exists to dismiss or convert a case under § 1112(b)." *Id.* "Cause" to dismiss a chapter 11 case includes, among other things, "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," 11 U.S.C. § 1112(b)(4)(A), as well cases "where the debtor lacks the ability to formulate a plan or carry one out." *In re Lizeric Realty Corp.*, 188 B.R. 499, 503 (Bankr. S.D.N.Y. 1995), *as amended* (Nov. 28, 1995).

30. Here, the Debtors, upon approval of the Settlement Agreement, are seeking to dismiss their chapter 11 cases because, for the reasons already discussed, they would otherwise be incapable of confirming plans of reorganization or liquidation and, most importantly, the implementation of the settlement will enable the Debtors to continue to operate in the ordinary course and the rights of creditors will be improved as a result of the concomitant enhancement of the balance sheet of each Debtor.

31. On the other hand, if the cases were converted to ones under chapter 7, no distribution would be available to any creditor other than Chase, but as discussed above, the value of Debtors' assets, which collateralize their obligations to Chase, are insufficient to satisfy such obligations.

32. For these reasons, dismissal, rather than conversion, is warranted.

**NO PRIOR REQUEST**

33. No prior request for the relief sought in this Motion has been made to this or any other Court.

**NOTICE**

34. The Debtors intend to give notice of this Motion and the hearing scheduled hereon to: (a) the Office of the United States Trustee for Region 2; (b) all creditors of the Debtors who are listed on the schedules filed by the Debtors or who have filed proofs of claim against the Debtors' estates; and (c) all parties in interest who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtors respectfully submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully requests that this Court (a) enter an order, substantially in the form annexed hereto as Exhibit "A," approving, as to each Debtor, the Settlement Agreement, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, and (b) enter an order, substantially in the form annexed hereto as Exhibit "B," dismissing the Debtors' chapter 11 cases, pursuant to sections 105(a), 349, and 1112(b) of the Bankruptcy Code, upon approval of the Settlement Agreement, and (c) grant such other and further relief as to this Court seems just and proper.

Dated: New York, New York
November 21, 2017

ROSEN & ASSOCIATES, P.C.
Proposed Attorneys for the Debtors
 and Debtors in Possession

By: /s/ Sanford P. Rosen
 Sanford P. Rosen

747 Third Avenue
New York, NY 10017-2803
(212) 223-1100